IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 19-00193-KD-B-11 |
| | ) |
| TARA LYNN ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Tara Lynn Robinson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 516), Robinson's letters in support of her motion (Docs. 519, 530, 568),[1] and the United States' response (Doc. 550). Upon consideration, and for the reasons set forth herein, the motion is **DENIED**.

**I.   Background**

In July 2019, Tara Lynn Robinson (Robinson) was indicted for two counts—one count for conspiracy to possess controlled substances (Count One), another count for possession with intent to distribute methamphetamine (Count Five). (Doc. 7 at 1-2, 6). She pled guilty to Count Five charging possession with intent to distribute methamphetamine. (Doc. 184 at 15). Robinson was sentenced on December 20, 2019. Her total offense level was 23 and with a criminal history

---

[1] Robinson also moves for appointment of counsel. (Doc. 531). There is no constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.' " United States v. Reese, No. 2:12-CR-87-WKW, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a § 3582(c)(2) motion). The Court finds that appointment of counsel is not necessary. Robinson has shown the ability to effectively set forth the facts, claims and argument and otherwise prosecute this action. Additionally, the claims are not factually and legally complex or exceptional such that appointment of counsel would be warranted. And, to the extent Robinson seeks relief under the CARES Act as discussed *infra*, appointment of counsel is still not warranted. The CARES Act does not authorize the Court to allow Robinson to serve the remainder of her sentence on home confinement. See e.g., United States v. Prater, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) (holding same). Thus, Robinson's motion for appointment of counsel (Doc. 531) is **DENIED.**

category of IV, her Sentencing Guideline range was 70 to 87 months. (Doc. 367 at 13). The Court imposed a sentence below the advisory Guidelines range and sentenced Robinson to 30 months as to Count Five. (Doc. 388).

Robinson is now 28 years old and is incarcerated at the Federal Correctional Institute, Aliceville. Her estimated release date is September 14, 2021.

Robinson moves this Court for early release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons. Specifically, Robinson alleges she has been diagnosed with Hepatitis C and as a result, she is more susceptible to contracting COVID-19. (Doc. 516 at 1; Doc. 519 at 1; Doc. 530 at 1). Robinson explains that Hepatitis C is a liver disease and that liver disease is listed as a "high risk factor" per the CDC. (Doc. 519 at 1; Doc. 530 at 1). Moreover, Robinson alleges she has not received any medical treatment do to the "lockdown situation"[2] and low medical staff. (Doc. 516 at 1; Doc. 519 at 1; Doc. 530 at 1). Robinson states she has served 50% of her sentence, has a release plan, will be able to seek medical treatment if released and would have income if released. (Doc. 519 at 1; Doc. 530 at 1).

**II.    Exhaustion**

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that:

> (A) the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)…it finds that—
> (i)     extraordinary and compelling reasons which warrant such a reduction;

---

[2] At FCI Aliceville, as of November 12, 2020, 8 inmates and 8 staff members were COVID-19 positive; 38 inmates and 9 staff members had recovered. https://www.bop.gov/coronavirus/.

18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Robinson's initially did not state whether she exhausted her administrative remedies before filing her motion. (Doc. 516 at 1). However, along with Robinson's first letter in support of her motion filed July 13, 2020, she attached a copy of the Warden's denial of her request for administrative remedy. (Doc. 519 at 3). The Warden's denial notes Robinson's Request for Administrative remedy was received June 19, 2020; the Warden's denial is dated July 1, 2020. (Doc. 519 at 3).

The United States responds that the Warden at Robinson's facility received her request for compassionate release on June 19, 2020; Robinson's most recent request for compassionate release was filed August 4, 2020, more than thirty days later. (Doc. 550 at 9, n.2). Thus, the United States "does not dispute that Robinson's request for compassionate release is properly before the Court." (Id.). The Court must now address the applicable factors set out in 18 U.S.C. § 3553(a).

**III.     Motion for Compassionate Release**

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed.Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed.Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the district court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the

original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)," if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
>     (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>     (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.[3]

---

[3] Subparagraph (B) provides for consideration of compassionate release if "[t]he defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. §

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under § 3582(c)(1)(A): (A) Medical Conditions of the Defendant; (B) Age of the Defendant[4]; (C) Family Circumstances; and (D) Other Reasons. Robinson argues her Hepatitis C diagnosis is a liver disease that makes her more susceptible to contracting COVID-19. (Doc. 516 at 1; Doc. 519 at 1; Doc. 530 at 1). Thus, her explanation may fall within either Application Note 1(A)(ii)(I) "Medical Conditions of the Defendant" or 1(D) "Other Reasons."

To qualify for compassionate release under Subsection (A), Robinson must demonstrate she is:

> (I) suffering from a serious physical or medical condition,…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A)(ii)(I).[5] More specifically, Robinson argues Hepatitis C is a liver disease, "liver disease is listed as a high risk factor" by the Centers for Disease Control and Prevention (CDC), and as a result, she is more susceptible to contracting COVID-19. (Doc. 519 at 1; Doc. 530 at 1). Robinson also cites numerous cases in which courts have granted compassionate release to inmates diagnosed with Hepatitis C. (Doc. 568 at 1). Most of these cases involve distinguishable defendants because either their age puts them at higher risk of COVID-19, because

---

3559(c) for the offense or offenses for which the defendant is imprisoned[.]"  Since Robinson is 28 years old, subparagraph (B) cannot apply to her.

[4] Subparagraph (B) requires the defendant be at least 65 years old. As noted *supra*, footnote 3, Robinson is 28 years old so this subparagraph does not apply to her.

[5] Robinson does not allege that she has a terminal illness, that she has serious functional or cognitive impairment, or that she is experiencing deteriorating physical or mental health because of the aging process. She does not allege that her family circumstances meet the criteria 1(A) or that she meets the age requirement in 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A)(i) & (ii)(II)(III), (B) & (C).

Hepatitis C is but one of many underlying medical conditions or because other exacerbating factors are present such as the number of COVID-19 cases at the defendant's correctional institution.[6]

The CDC advises that "chronic liver disease…*might* increase your risk for severe illness from COVID-19. See *People with Certain Medical Conditions,* Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated November 2, 2020) (emphasis added). Regarding Hepatitis C specifically, the CDC states, "[c]urrently, [as of May 5, 2020] we have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19." *Coronavirus Disease 2019 (COVID-19): People with Liver Disease*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last updated May 5, 2020). It further recognizes that Hepatitis C is a liver infection that may result in long-term, chronic infections affecting the liver. See *Viral Hepatitis: Hepatitis C Information*, Centers for Disease Control and Prevention (last reviewed July 28, 2020), https://www.cdc.gov/hepatitis/hcv/index.htm. But Robinson, who is in her twenties, is young; this is not a case where Robinson has a combination of medical issues or even one of the enumerated serious conditions set forth in the CDC guidelines. Moreover, Robinson has not

---

[6] See e.g., United States v. Conner, 2020 WL 3053368, at *7 (N.D. Iowa June 8, 2020) (granting compassionate release for 73 year old defendant who suffered from *six* of the CDC's categories of people who are at higher risk for COVID-19); US v. Ludwig, 2020 WL 4547347 (E.D. Cal. Aug. 6, 2020) (granting compassionate release to 39-year-old defendant with Hepatitis C and B and high levels of liver enzymes alanine transaminase (ALT) and aspartate transaminase (AST) indicating inflammation or damage to liver cells); United States v. White, 2020 WL 3244122, at *5 (S.D.W.V. June 12, 2020) (granting compassionate release for inmate with Hepatitis C but who was housed at FCI Elkton which had "seen a massive outbreak of COVID-19 cases"); United States v. Stephenson, 461 F.Supp.3d at872 (S.D. Iowa 2020) (granting compassionate release for 49 year old defendant who suffered from long-term Hepatitis C, citing authorities which show long-term Hepatitis C infections weaken the immune system).

alleged that she has suffered liver damage or other long-term medical issues associated with or resulting from Hepatitis C. In fact, Robinson's medical records indicate she was recently diagnosed with Hepatitis C in 2019. (Doc. 519 at 2). See United States v. Roden, 2020 WL 3871168, at *3 (W.D. Va. July 9, 2020) (finding defendant in his forties, recently diagnosed with Hepatitis C, did not meet his burden of showing extraordinary and compelling reasons to justify his release); United States v. Hilliard, No. 17 CR 35-01 (VB), 2020 WL 3182778 (S.D.N.Y June 15, 2020) (denying a motion to release by a defendant who was forty years old with asymptomatic hepatitis C but no other high-risk ailments); and United States v. Abeyta, 2020 WL 4593216, at *3 (D. Colo. Aug. 11, 2020) (denying compassionate release on the basis of Hepatitis C where there was no evidence before the court that the defendant was actually immunocompromised or had sustained liver damage).

Additionally, Robinson does not argue that having Hepatitis C diminishes her ability to provide self-care while in prison.[7] Robinson does not provide any documentation or detail regarding the severity of her Hepatitis C diagnosis or how it has affected her health to date. See e.g., United States v. Zamor, 460 F.Supp.3d 1314, 1317 (S.D. Fla. 2020) (denying petitioner's motion for compassionate release where he claimed to have asthma and liver disease but provided no details as to the nature or severity of his ailments); United States v. Pearson, 2020 WL 5095238, at *3 (M.D. Fla. Aug. 28, 2020) (holding hepatitis C, under control, and benign mass under rib cage do not support compassionate release); United States, v. Barnes, 2020 WL 3606354 (E.D.

---

[7] The Bureau of Prison's Program Statement No. 5050.50 addressing "Compassionate Release/Reduction in Sentence" Procedures for Implementation of 18 U.S.C. §§ 3582 and 42059g)" identifies a "Debilitated Medical Condition" and states that reduction in sentence "consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. The BOP should consider a RIS if the inmate is: Completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or Capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours."

La. July 2, 2020) (Inmate with asymptomatic hepatitis C as well as a bullet wound in his lung does not present risk factor; release denied).[8] Likewise, Robinson does not allege that her health conditions are significantly deteriorating, and "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." United States v. Alvarez, 2020 WL 2572519, at *6 (S.D. Fla. May 21, 2020) (quoting United States v. Harris, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020)).

Application Note 1(D) states the district court may consider "Other Reasons" if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., cmt. n. (1)(D). In its present version, subparagraph (D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). But now that the First Step Act allows the inmate to file for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release. However, the Court finds that until the Sentencing Commission amends its Policy Statement

---

[8] See also United States v. Barton, 2020 WL 5994551, at *3 (M.D. Fla. Oct. 9, 2020) (denying motion for compassionate release for petitioner claiming to suffer from liver damage, sciatica, and obesity where petitioner failed to allege these conditions inhibited his ability to care for himself in prison); United States v. Crawford, 2019 WL 6615188, at *5 (M.D.N.C. Dec. 5, 2019) (finding that Crawford's "medical records reveal a variety of ailments, including Hepatitis C, carpal tunnel syndrome, hypertension, esophageal reflux, urinary tract infection, and osteoarthrosis for which he has received extensive treatment" but Crawford did not demonstrate that "any of his illnesses have substantially diminished his ability to care for himself while incarcerated in the BOP"); United States v. Marquez, 2020 WL 6044319, at *5-6 (E.D. Cal. Oct. 13, 2020) (denying compassionate release motion where the court "err[ed] on the side of caution" in concluding 36 year old who has Hepatitis C "may be immunocompromised and have liver damage" but found conditions of confinement did not hinder defendant's ability to provide self-care and it did not appear there is evidence defendant was suffering or receiving inadequate care for Hepatitis C); United States v. Abeyta, No. 14-cr-00029-PAB-01, 2020 WL 4593216, at *3 (D. Colo. Aug. 11, 2020) (denying compassionate release on the basis of Hepatitis C where there was no evidence before the court that the defendant was actually immunocompromised or had sustained liver damage).

"those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3.

Robinson's concerns about contracting COVID-19 because of her Hepatitis C diagnosis and the availability of medical treatment while in prison are not comparable or analogous to any of the criteria identified in the Policy Statement. And, the BOP is in a better position to evaluate Robinson's risks.

## IV.   CARES Act

To the extent that Robinson's motion could be construed as a motion pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, the motion is **DENIED**. See e.g., (Doc. 530 at 1 (requesting home confinement)). Previously, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to COVID-19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[9]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates

---

[9] "Home Confinement Authority.  During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* at 2 (April 3, 2020), https://www.justice.gov/file/1266661/download.

However, the CARES Act did not give the Court authority to direct the BOP to consider Robinson for home confinement or authority to direct the BOP to place her in home confinement for the remainder of her sentence. Under 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement."

**V.   Conclusion**

For the reasons stated herein, Robinson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 516) is **DENIED.**

**DONE** and **ORDERED** this **13th** day of **November 2020**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**