**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 19-00193-KD-B-11 |
| ) | |
| TARA LYNN ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Tara Lynn Robinson's Motion for Reconsideration of the Court's Order denying her Motion for Compassionate Release. (Doc. 578). A response is not required by the Government, and for the reasons set forth herein, Robinson's motion is **DENIED.**

**I.   Background**

On November 13, 2020, the Court denied Robinson's Motion for Compassionate Release (Doc. 516) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 579). The Court noted in the Order that Robinson's Hepatitis C diagnosis did not show extraordinary and compelling reasons to justify her release; Robinson also did not show that her Hepatitis C diagnosis diminished her ability to provide self-care while in prison. (Doc. 579 at 6-7). Robinson filed another letter "to add to/amend [her] petition for compassionate release," which the Court construes as a motion for reconsideration. (Doc. 578). Robinson asserts, since filing her motion for compassionate release, that she has been diagnosed with hypertension, is being medicated for hypertension, and that she has a Body Mass Index (BMI) of 33.1. (Doc. 578 at 1-2). Robinson asserts "Hepatitis C, obesity (BMI over 30), and hypertension are all high risk factors per the CDC." (<u>Id.</u> at 2). According to Robinson, her risk factors as designated by the CDC "have increased to three;" these risks "combined with the

1

communal living environment of the prison setting places [her] in a very dangerous situation…" (Id.).

## II.  Discussion

In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. See Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsboro Cty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Here, Robinson raises new medical issues different than her Hepatitis C diagnoses alleged in her Motion for Compassionate Release. Compare (Doc. 516 (noting Hepatitis C diagnosis) with Doc. 578 (noting hypertension and high BMI/obesity diagnoses)). However, Robinson has not shown that she filed a COVID-19 related compassionate release request with the Bureau of Prisons with respect to her hypertension or high BMI diagnoses. See 18 U.S.C. § 3582 (c) (1) (A). Thus, Robinson has not exhausted her administrative remedies for this claim, and the Court will not address it further. Robinson's Motion for Reconsideration (Doc. 578) is **DENIED.**

**DONE** and **ORDERED** this **16th** day of **November 2020**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**