IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 19-00193-KD-B-11 |
| | ) |
| TARA LYNN ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Tara Lynn Robinson's letter "requesting compassionate release under extraordinary or compelling circumstances," which the Court construes as a second successive motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Doc. 585). Upon consideration, and for the reasons set forth herein, the motion for Compassionate Release is dismissed without prejudice.[2]

**I.   Background**

On November 13, 2020, the Court denied Robinson's first Motion for Compassionate Release (Doc. 516) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 579). The Court noted in that Order that Robinson's Hepatitis C diagnosis did not show extraordinary and compelling reasons to justify her release; nor did Robinson show that her Hepatitis C diagnosis diminished her ability

---

[1] See e.g., United States v. Mederos-Jimenez, 748 Fed. Appx. 289, 290 (11th Cir. 2019) ("Our Circuit precedent says district courts have jurisdiction to entertain successive motions for a sentence reduction if the district court denied the initial motion for a sentence reduction. We therefore construe Mederos-Jimenez's motion for reconsideration as a successive § 3582(c) motion.") (citing United States v. Caraballo-Martinez, 866 F.3d 1233, 1245–47 (11th Cir. 2017)).

[2] To the extent that Robinsons' motion could be construed as a motion for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No.116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621), the motion is **DENIED**. The CARES Act does not give the federal courts authority to direct the Bureau of Prisons to allow a prisoner to serve their sentence on home confinement.

to provide self-care in prison. (Doc. 579 at 6-7). Thereafter, Robinson filed another letter "to add to/amend [her] petition for compassionate release," which the Court construed as a motion for reconsideration. (Doc. 578). In her motion for reconsideration, Robinson asserted that since filing her initial motion for compassionate release, she was diagnosed with hypertension, is being medicated for hypertension, and that she has a Body Mass Index (BMI) of 33.1. (Doc. 578 at 1-2). The Court denied Robinson's motion for reconsideration, explaining:

> Robinson has not shown that she filed a COVID-19 related compassionate release request with the Bureau of Prisons with respect to her hypertension or high BMI diagnoses. See 18 U.S.C. § 3582(c)(1)(A). Thus, Robinson has not exhausted her administrative remedies for this claim, and the Court will not address it further.

(Doc. 582 at 2).

Robinson's instant, successive motion for compassionate release asserts that "it has been stated in several federal district court rulings that exhaustion is not necessary if exigent circumstances exist or if exhaustion would prove futile." (Doc. 585). Specifically, Robinson alleges the risk is great that she could contract COVID-19 and become seriously ill or even die while going through the exhaustion process. (Id.).

## II. Discussion

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

imprisonment[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.[3]

Robinson does not assert she has submitted a request for administrative relief to the Warden with respect to her hypertension or BMI conditions; nor she does assert that she has exhausted her administrative remedies. Instead, Robinson asserts exhaustion would prove futile and exigent circumstances exist to waive the exhaustion requirement. (Doc. 585).

The Eleventh Circuit has not yet considered whether the exhaustion of administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A) may be waived. The district courts are split on the issue. Many have concluded it cannot be waived, United States v. Smith, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (collecting cases), while others have concluded it can be waived, United States v. Smith, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at **2 (S.D.N.Y. April 13, 2020) (collecting cases).

Four circuits have held the statute's language is mandatory—"that a prisoner *must* exhaust their BOP remedy before filing in district court." United States v. Rivas, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020). And see United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Springer, No. 20-5000, 820 Fed.Appx. 788, 790–92 (10th Cir. July 15, 2020). The Fifth Circuit reasoned, "[a]ny holding to the contrary would effectively defeat the purpose of the exhaustion requirement and circumvent clear congressional intent." Rivas, 2020 WL 6437288, at *2 (citing United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020)). And see Franco, 973 F.3d at 468 ("Congress used clear language:

---

[3] With respect to her Hepatitis C diagnosis, the Court previously found Robinson's first motion for compassionate release was filed more than 30 days after her request for an administrative remedy from the Warden. (Doc. 579 at 3). Thus, Robinson exhausted her administrative remedies as to her Hepatitis C diagnosis. (Id.). Thereafter, as noted in the Court's earlier Order on Robinson's motion for reconsideration, Robinson has not shown she's filed a COVID-19 related Compassionate Release request with the Bureau of Prisons with respect to her hypertension or BMI diagnoses. (Doc. 582 at 2). It is her hypertension and BMI diagnoses at issue here.

all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in federal Courts") with United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond."). The Court finds this reasoning persuasive. Since Robinson failed to comply with either of the two statutory requirements, the Court finds her successive motion for compassionate release is premature. Accordingly, Robinson's motion is due to **DISMISSED without prejudice** for failure to meet the statutory prerequisites.

### III.    Conclusion

For the reasons stated herein, Robinson's Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 585) is **DISMISSED without prejudice.**

**DONE** and **ORDERED** this **23rd** day of **November 2020**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**