IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 19-00193-KD-B-11 |
| ) | |
| TARA LYNN ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Tara Lynn Robinson's third successive motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[1] (Doc. 589), the United States' Response (Doc. 595), and Defendant Robinson's supplement. (Doc. 596). Upon consideration, and for the reasons set forth herein, the motion for Compassionate Release is denied.[2]

**I.     Background**

On November 13, 2020, the Court denied Defendant Tara Robinson's (Robinson) first Motion for Compassionate Release (Doc. 516) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 579). The Court explained in that Order that Robinson's Hepatitis C diagnosis did not show extraordinary and compelling reasons to justify her release; Robinson also did not show that her

---

[1] See e.g., United States v. Mederos-Jimenez, 748 Fed. Appx. 289, 290 (11th Cir. 2019) ("Our Circuit precedent says district courts have jurisdiction to entertain successive motions for a sentence reduction if the district court denied the initial motion for a sentence reduction. We therefore construe Mederos-Jimenez's motion for reconsideration as a successive § 3582(c) motion.") (citing United States v. Caraballo-Martinez, 866 F.3d 1233, 1245–47 (11th Cir. 2017)).

[2] To the extent that Robinson's motion could be construed as a motion for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No.116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621), such motion is **DENIED**. The CARES Act does not give the federal courts authority to direct the Bureau of Prisons to allow a prisoner to serve their sentence on home confinement.

Hepatitis C diagnosis diminished her ability to provide self-care in prison. (Doc. 579 at 6-7). Robinson then filed another letter "to add to/amend [her] petition for compassionate release," which the Court construed as a motion for reconsideration. (Doc. 578). In that motion, Robinson asserted that since filing her initial motion for compassionate release, she was diagnosed with hypertension, is being medicated for hypertension, and that she has a Body Mass Index (BMI) of 33.1. (Doc. 578 at 1-2). The Court denied Robinson's motion for reconsideration, explaining:

> Robinson has not shown that she filed a COVID-19 related compassionate release request with the Bureau of Prisons with respect to her hypertension or high BMI diagnoses. See 18 U.S.C. § 3582(c)(1)(A). Thus, Robinson has not exhausted her administrative remedies for this claim, and the Court will not address it further.

(Doc. 582 at 2).

Thereafter, Robinson filed an additional letter which the Court construed as a second successive motion for compassionate release. (Doc. 585). Robinson argued that exigent circumstances existed to waive the exhaustion requirement. This Court held Robinson's motion was premature because of her failure to meet either of the two statutory prerequisites and held that the statutory requirements were not waivable. See generally (Doc. 586).

Robinson's instant, third motion for compassionate release contends in part that FCI Aliceville is preventing her "from filing for [compassionate] release" within the BOP and that she has "tried to exhaust her administrative remedies, without cooperation from FCI Aliceville." (Doc. 589 at 2). Robinson reiterates that she suffers from hypertension and Hepatitis C and that she is obese, with a BMI of 33.1. (Id. at 1). She contends that these health conditions in conjunction with the communal prison environment "puts her very life in danger in the likely event of her contracting the COVID-19 virus." (Id.). Robinson also identifies a release plan. (Id. at 3).

**II.    Discussion**

The relevant section of the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Previously, the Court determined Robinson met a statutory prerequisite as to her Hepatitis C diagnosis because more than 30 days had passed since the Warden received her request for administrative remedy as to that condition. (Doc. 579 at 3). Then, Robinson filed for compassionate release in this Court based on newer-diagnosed conditions of hypertension and obesity (BMI over 30). The Court noted that Robinson did not assert she submitted an administrative request to the Warden based on those conditions and that the statutory prerequisites listed above were non-waivable; the Court found Robinson's later motions premature. See generally (Docs. 582; 586).

Now, Robinson states that in response to the Court's earlier order finding she failed to meet the statutory prerequisites, she "submitted a new petition updated with her new risk factors via email/trulinks to the 'Reduction in Sentence' coordinator on November 18, 2020 with no response." (Doc. 589 at 2). Robinson also now asserts the BOP is preventing her from filing for the requisite relief within the BOP. (Doc. 589 at 2). She "is hoping the Court can look at the paperwork she has been trying to file, and that she has tried to exhaust her administrative remedies, without cooperation from FCI Aliceville." (Id.).

Robinson did not attach any documentation to her third motion for the Court to review but the Court asked that Robinson supplement her third motion with the aforementioned documentation. (Doc. 593). Thereafter, Robinson supplemented her motion. This supplementation does not include a copy of Robinson's request to the Reduction in Sentence Coordinator that she referenced making November 18, 2020. See (Doc. 589 at 2). Accordingly, the Court does not have documentary evidence that such a request was made. Nevertheless, assuming for purposes of this motion that Robinson did in fact submit such a request, more than thirty days have passed since the receipt of her request. See United States v. Skaff, 2020 WL 3490074, at *1 (S.D.W. Va. June 25, 2020) ("Although Mr. Skaff petitioned the court on June 4, 2020, before 30 days had passed since the Warden's receipt, I find it would be a waste of judicial resources to have Mr. Skaff refile the motion now that 30 days have elapsed since the Warden's receipt of the compassionate release request."); United States v. Blake, No. 15-CR-80018, 2020 WL 4677309, at *4 (S.D. Fla. Aug. 12, 2020) (same). But, even assuming Robinson met one of the statutory prerequisites, she is not entitled to compassionate release on the grounds alleged for the reasons discussed *infra*.

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed.Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed.Appx. 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the district court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the

original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)," if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The "United States now agrees that Robinson is eligible for compassionate release consideration…[b]ased on updated guidance from the Centers for Disease Control and Prevention and a review of Robinson's recent medical records…" (Doc. 595 at 3). The United States explains that "the combination of Robinson's medical condition and the threat posed by the COVID-19 pandemic constitute an extraordinary and compelling reason for a sentence reduction." (Id.). However, the United States argues Robinson's motion should be denied because the sentencing factors in 18 U.S.C. § 3553(a) weigh against release. (Id.).

The Court may grant a reduction in sentence for early release only "after considering the [applicable] factors set forth 18 U.S.C. § 3553(a)." See 18 U.S.C. § 3582(c)(1)(A). In that regard, the United States points out that prior to the conduct at issue in this case, "Robinson already had a history of methamphetamine possession." (Doc. 595 at 4). The United States details that "in 2015, Robinson was found guilty of possessing methamphetamine, and was initially placed on pre-trial diversion." (Id.). Her placement was revoked and she was sentenced to 32 months in prison. (Id. at 4-5).

As to the present case, "Robinson admitted that she was an employee of the head of a methamphetamine-distribution operation." (Id. at 5). Also, Robinson had an ounce of methamphetamine, that she intended to distribute, at the time of her arrest. Moreover, she was arrested while still on probation for her earlier methamphetamine conviction. (Id.). From this the

United States maintains "Robinson's repeated methamphetamine-related crimes represent an enduring disrespect for the law." (Id.).

The Court has considered, as accurately described by the United States, the "nature and circumstances" of Robinson's offense and Robinson's "history and characteristics" and finds that they do not weigh in favor of a sentence reduced to time served. Moreover, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," or to adequately deter criminal conduct and "protect the public from further from the Defendant." 18 U.S.C. § 3553(a)(1); § 3553 (a)(2)(A), (B), & (C). Accordingly, Robinson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

### III.     Conclusion

For the reasons stated herein, Robinson's Third Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 589) is **DENIED.**

**DONE** and **ORDERED** this **22nd** day of **February 2021**.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**